UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PNC BANK, NATIONAL ASSOCIATION,

        Plaintiff,

                                   Case No. 24-cv-1075-pp

  v.

FOOT FACTOR PODIATRY LLC
and DONNA HAYES,

        Defendants.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 12)
AND DISMISSING CASE**

On August 23, 2024, the plaintiff filed a complaint alleging that the defendants committed breach of contract by failing to make loan payments. Dkt. No. 1. The plaintiff filed proof of service on the defendants stating that they were served on August 31, 2024. Dkt. Nos. 3, 4. On September 23, 2024, defendant Donna Hayes requested an extension of time to answer the complaint so that she could obtain counsel. Dkt. No. 6. The court granted that request, giving the defendant a deadline of October 25, 2024 by which to answer. Dkt. No. 7. The defendants never answered, and on December 16, 2024, the plaintiff asked the clerk to enter default. Dkt. No. 11. The clerk entered default on December 17, 2024. On January 7, 2025, the plaintiff filed a motion for default judgment. Dkt. No. 12. The court will grant the motion and dismiss the case.

1

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff filed proof of service documents on both defendants. Dkt. Nos. 3, 4. The individual defendant, Donna Hayes, was personally served on August 31, 2024. Dkt. No. 4. The plaintiff also served the corporate defendant, through Hayes, on the same date. Dkt. No. 3. Wis. Stat. §801.11(5)(c) allows service on a limited liability company via its registered agent. The Wisconsin Department of Financial Institutions identifies Donna Hayes as the registered agent for Foot Factor Podiatry LLC. https://apps.dfi.wi.gov/apps/corpSearch/Details.aspx?entityID=F061559&hash=926382342&searchFunctionID=935b614c-2f88-48c6-8f20-f184b190b916&type=Simple&q=foot+factor+podiatry%2c+inc. Both defendants were properly served with the summons and complaint on August 31, 2024, well within the ninety-day period prescribed by Fed. R. Civ. P. 4(m).

The defendants have not answered the complaint. As stated above, on September 23, 2024, the court received a letter from Hayes, asking the court asking for an extension of time to answer so that she could obtain counsel. Dkt. No. 6. The court granted that request and extended the defendants' time to answer until October 25, 2024. Dkt. No. 7. The court has not heard from the

defendants since—they have not asked for additional time to answer or otherwise communicated with the court.

Because the defendants were properly served but failed to respond to the complaint by the October 25, 2024 deadline (or at all), the clerk's entry of default was proper.

## II.    Plaintiff's Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

3

The plaintiff alleges that on November 21, 2019, Foot Factor executed a term note with the plaintiff in the original principal amount of $150,000. Dkt. No. 1 at ¶7. The plaintiff also alleges that it extended Foot Factor a $60,000 line of credit. Id. at ¶8. About six months later, the plaintiff and Foot Factor entered into a settlement agreement and mutual release for the two loans. Id. at ¶13. The plaintiff alleges that Foot Factor has defaulted under the settlement agreement by failing to make the required payments. Id. at ¶¶15, 19. The plaintiff asserts that as of August 12, 2024, Foot Factor owed it $81,519.19 under the line of credit note and $135,265.46 under the term note, inclusive of interest and late fees. Id. at ¶¶21, 23.

The plaintiff alleges that Hayes executed a guaranty agreement under which she unconditionally guaranteed payment of Foot Factor's obligations. Id. at ¶30. It says that Hayes also entered into the settlement agreement for the two loans. Id. at ¶31. The plaintiff alleges that Hayes failed to pay the amounts due after Foot Factor defaulted. Id. at ¶33. The plaintiff says that as of August 12, 2024, Hayes owed it $81,519.19 under the line of credit note and $135,265.46 under the term note, inclusive of interest and late fees. Id. at ¶¶39, 41.

The plaintiff asks the court to grant a money judgment against Foot Factor for the amounts it owes on the loan and the line of credit plus additional interest, court costs and attorney's fees. Id. at 5. It also asks the court to issue a money judgment against Hayes for the amounts she owes under the guaranty agreement plus additional interest, court costs and attorney's fees. Id. at ¶7.

To establish liability for the defendants' breach of the note, the line of credit agreement, the guaranty agreement and the related settlement agreement, the plaintiff filed the affidavit of Cory Baldwin, a vice president on the plaintiff's commercial asset team. Dkt. No. 13 at ¶2. Baldwin is the person who directly oversees the plaintiff's relationship with Foot Factor and Hayes. Id. at ¶4. The affidavit establishes the terms of the defendants' contracts and establishes that the defendants did not meet their contractual obligations. Deeming true the allegations in the complaint, as supported by the Baldwin affidavit and attachments, the court finds that the plaintiff has demonstrated that the defendants breached their agreements with the plaintiff.

The court cannot enter a judgment of default without a hearing on damages, however, unless the amount claimed is liquidated or can be determined from definite figures in documentary evidence or detailed affidavits. Dundee Cement, 722 F.2d at 1323. The plaintiff seeks damages in the amounts unpaid under the note, line of credit, guaranty and settlement agreement, including costs and fees. These damages are liquidated or ascertainable from documentary evidence and affidavits. The Baldwin affidavit establishes the amount due and owing through November 3, 2024: $82,818.67 on the line of credit and $136,477.29 on the term note. Dkt. No. 13 at ¶¶11, 14. The Baldwin affidavit establishes that the defendants also are liable to the plaintiff for costs and expenses incurred in collecting the amounts due to the plaintiff, including reasonable attorney's fees and costs. Id. at ¶21. In support of its claim for attorney's fees, the plaintiff submitted an affidavit from Lina Toma, the

plaintiff's attorney. Dkt. No. 14. The Toma affidavit and the attached time records establish the amount of costs and attorney's fees the plaintiff incurred to obtain a default judgment: $3,979.30. Id. at ¶8.

The court will grant default judgment jointly and severally against the defendants in the amount of $223,275.26: $219,295.96 for loan principal, interest and fees; $3,275 for attorneys' fees; and $704.30 for costs advanced.

## III.     Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 12.

The court **ORDERS** that default judgment is **ENTERED** in favor of the plaintiff and jointly and severally against defendants Foot Factor Podiatry, LLC and Donna Hayes in the amount of $223,275.26.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of March, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6